UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| DEBRA J. BURNHAM, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Docket No. 06-124-P-H |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security,[1] | ) | |
| | ) | |
| Defendant | ) | |

REPORT AND RECOMMENDED DECISION[2]

This Social Security Disability ("SSD") and Supplemental Security Income ("SSI") appeal raises the question whether substantial evidence supports the commissioner's determination that the plaintiff, who alleges she is disabled by degenerative disk disease, was capable of returning to past relevant work as a convenience-store clerk or a chambermaid. I recommend that the decision of the commissioner be affirmed.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. §§ 404.1520, 416.920; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the medical record established the presence of a

---

[1] Pursuant to Fed. R. Civ. P. 25(d)(1), I have substituted new Commissioner of Social Security Michael J. Astrue as the defendant in this matter.

[2] This action is properly brought under 42 U.S.C. §§ 405(g) and 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on March 22, 2007 pursuant to Local Rule 16.3(a)(2)(C), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority and page references to the administrative record.

severe impairment, consisting of degenerative disk disease of the lumbosacral spine, as well as other impairments that did not impose severe functional limitations for any continuous period of at least twelve months, including Hepatitis C, gastroesophageal reflux disease, hip pain and anxiety/depression, Finding 3, Record at 20; that she retained the residual functional capacity ("RFC") to perform a full range of unskilled and semiskilled light work, inasmuch as in an eight-hour workday she could, *inter alia*, sit for at least six hours, stand/walk for up to six hours, and lift/carry up to twenty pounds occasionally and up to ten pounds frequently, Finding 6, *id.*; that she remained capable of performing her light, semiskilled past relevant work as a convenience-store clerk and her light, unskilled past relevant work as a chambermaid, Finding 7, *id.*; and that she therefore had not been under a disability at any time through the date of decision, Finding 8, *id.*[3] The Appeals Council declined to review the decision, *id.* at 6-8, making it the final determination of the commissioner, 20 C.F.R. §§ 404.981, 416.1481; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge in this case reached Step 4 of the sequential process, at which stage the claimant bears the burden of proof of demonstrating inability to return to past relevant work. 20 C.F.R. §§ 404.1520(e), 416.920(e); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). At this step

---

[3] Inasmuch as the plaintiff had acquired sufficient quarters of coverage to remain insured for purposes of SSD through June 30, 2007, *(continued on next page)*

the commissioner must make findings of the plaintiff's RFC and the physical and mental demands of past work and determine whether the plaintiff's RFC would permit performance of that work. 20 C.F.R. §§ 404.1520(e), 416.920(e); Social Security Ruling 82-62, reprinted in *West's Social Security Reporting Service* Rulings 1975-1982 ("SSR 82-62"), at 813.

The plaintiff complains that the administrative law judge's RFC determination was unsupported by substantial evidence inasmuch as he accorded undue weight to two Disability Determination Services ("DDS") RFC opinions and insufficient weight to the RFC opinion of a treating physician, Elwood Fox, D.O.  *See generally* Plaintiff's Itemized Statement of Errors ("Statement of Errors") (Docket No. 5).  I find no reversible error.

## I.  Discussion

### A.  Reliance on DDS RFC Opinions

In finding that the plaintiff retained the RFC to undertake light work, the administrative law judge stated, *inter alia*: "[C]onsideration has been given to the State Agency physicians' December 2003 and May 2004 assessments that the claimant can perform light work (Exhibits 1F and 4F) . . . . Those assessments are given weight because they are consistent with the medical record as a whole." Record at 18-19.

As the plaintiff points out, *see* Statement of Errors at 1, and counsel for the commissioner conceded at oral argument, the administrative law judge wrongly accorded weight to the December 2003 opinion, which was completed by a layperson "single decision maker" rather than a medical source, *see* Record at 22, 116-23; *see also, e.g., Rivera-Torres v. Secretary of Health & Human Servs.*, 837 F.2d 4, 6-7 (1st Cir. 1988) (explanation of claimant's RFC from doctor is required when nothing intelligible to a layperson indicates extent of claimant's functional restrictions).  Nonetheless,

---

*see* Finding 1, Record at 20, there was no need to undertake a separate SSD analysis.

3

as the plaintiff acknowledges, (i) the May 2004 report was indeed completed by a DDS non-examining physician (Lawrence P. Johnson, M.D.) and, (ii) in certain circumstances, such reports can constitute substantial evidence in support of an administrative law judge's RFC conclusion. *See* Statement of Errors at 1-2; Record at 152-59; *see also, e.g., Rose v. Shalala*, 34 F.3d 13, 18 (1st Cir. 1994) ("[T]he amount of weight that can properly be given the conclusions of non-testifying, non-examining physicians will vary with the circumstances, including the nature of the illness and the information provided the expert. In some cases, written reports submitted by non-testifying, non-examining physicians cannot alone constitute substantial evidence, although this is not an ironclad rule.") (citations and internal quotation marks omitted).

The plaintiff argues, however, that in this case the Johnson RFC report cannot stand as substantial evidence in support of the administrative law judge's decision inasmuch as (i) Dr. Johnson failed to answer a question on the RFC form querying "how and why the evidence supports your conclusions[,]" and, (ii) in the absence of such an analysis, the administrative law judge was forced to make the connections himself, in contravention of black-letter Social Security law that a layperson is not qualified to interpret raw medical evidence. *See* Statement of Errors at 2-3; *see also, e.g., Gordils v. Secretary of Health & Human Servs.*, 921 F.2d 327, 329 (1st Cir. 1990) (While an administrative law judge is not precluded from "rendering common-sense judgments about functional capacity based on medical findings," he "is not qualified to assess residual functional capacity based on a bare medical record[.]").

The plaintiff's point is not well-taken. Although Dr. Johnson neglected to answer a question posed at the bottom of the "Exertional Limitations" portion of the form as to how and why the evidence supported his conclusions that the plaintiff retained the RFC to perform the exertional requirements of light work, *see* Record at 153-54, he noted, in a later section of the form regarding the severity of the

4

plaintiff's symptoms: "c/o [complains of] significant pain. Despite pain findings, claimant has GROM [good range of motion of the] spine and good strength. She is able to prepare meals, go shopping, drive, watch tv for 4 hours, attend birthday parties." Record at 157; *see also id*. at 159 (summary by Dr. Johnson of medical evidence relating to degenerative joint disease, noting, *inter alia*, that (i) June 26, 2003 MRI study revealed "[m]inimal midline disc protrusion L4/5. Mild central canal stenosis here. L3/4, minor disc bulging without herniation, nerve root encroachment or stenosis. At L5/S1 there is some minor posterolateral disc protrusion on the right and left without evidence of nerve root encroachment or stenosis"; (ii) July 1, 2003 examination noted, *inter alia*, full gait, station and full range of motion of the spine; and (iii) February 4, 2004 examination noted, "Motor and sensory appear to be intact. Strength is 5/5 throughout.").[4]

Dr. Johnson's explanation of his reasoning, coupled with his detailed summary of the medical evidence he reviewed, sufficed to explain why, in his view, the plaintiff retained the capacity to perform the exertional demands of light work despite her subjective complaints of severe pain emanating from her diagnosed degenerative disk disease.[5] Upon review of the totality of the evidence, including the plaintiff's testimony at hearing, the administrative law judge concurred, finding the Johnson RFC opinion consistent with the Record as a whole. *See id*. at 16-20. It was within his discretion to do so. *See, e.g.*, *Rodriguez*, 647 F.2d at 222 ("The Secretary may (and, under his

---

[4] The plaintiff concedes that Dr. Johnson fairly summarized the evidence he referenced, with the exception of a July 1, 2003 note of Dana G. Crovo, M.D., in which Dr. Crovo noted that despite an absence of major abnormalities on the plaintiff's imaging studies, she had "bilateral radicular symptoms anteriorly, which are not truly radiculopathic. They may be related to inflammation[.]" Statement of Errors at 3 & n.2 (quoting Record at 172). Nonetheless, Dr. Crovo did indeed note: "Range of motion of the spine is full. . . . Strength in the upper and lower extremities is 5/5 throughout." Record at 171-72.

[5] Relatedly, the plaintiff faults Dr. Johnson for failing to "explain how any material inconsistencies or ambiguities in the evidence were considered and resolved[,]" in contravention of Social Security Ruling 96-8p ("SSR 96-8p"). *See* Statement of Errors at 2 (quoting SSR 96-8p) (emphasis omitted); SSR 96-8p, reprinted in *West's Social Security Reporting Service* Rulings 1983-1991 (Supp. 2006), at 149. As noted above, Dr. Johnson did explain why he resolved conflicts in the evidence against the plaintiff. In any event, the portion of SSR 96-8p that the plaintiff highlights pertains to the duties of adjudicators (such as administrative law judges), not physician reviewers. *See* SSR 96-8p, at 149 ("The adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved.").

regulations, must) take medical evidence. But the resolution of conflicts in the evidence and the determination of the ultimate question of disability is for him, not for the doctors or for the courts.").

In her Statement of Errors, the plaintiff noted in passing that Dr. Johnson's digest of the medical evidence did not include the records of her treating physiatrist, Dr. Fox, who first began to see her in late May 2004. *See* Statement of Errors at 3. At oral argument, counsel for the commissioner construed this as an argument that the Johnson RFC report could not stand as substantial evidence on a second basis: that Dr. Johnson did not have the benefit of Dr. Fox's records. Neither in her Statement of Errors nor at oral argument did the plaintiff make such a point sufficiently clearly to put it in play. Nonetheless, even assuming *arguendo* that she had, I agree with the commissioner that remand is not required on account of it.

As of the time of the administrative law judge's decision, the plaintiff had submitted two progress notes of Dr. Fox, reflecting treatment on May 18, 2004 and July 20, 2004, as well as an RFC opinion of Dr. Fox dated December 28, 2004. *See* Record at 276-80, 301-04. The Fox RFC opinion referenced a third visit on November 16, 2004, *see id*. at 301; however, the plaintiff did not timely supply a record of that visit (or subsequent visits to Dr. Fox) despite allowance of extensions of time post-hearing to do so, *see id*. at 15 n.1, 398, 403, 406.

On examination May 18, 2004 Dr. Fox found:

> There are no muscle fasciculations or atrophy appreciated. Gait is nonantalgic with equal stride and step length. She can walk on her heels and toes. Strength is preserved at 5/5 in all muscles tested in bilateral upper and lower limbs except for mild decrease secondary to increased pain in bilateral hip flexors, right greater than left. Sensory is grossly intact in dermatomes C3 to S1 bilaterally. Muscle stretch reflexes are 1+ in bilateral biceps, triceps, patellae, and Achilles. There is no dorsal spine deformity or joint deformity appreciated. She has palpable tenderness along the dorsal spine.

*Id*. at 279.  His findings on examination on July 20, 2004 were similar, except that he noted that the plaintiff's "[d]orsal spine shows mechanical kyphoscoliosis of the thorax."  *Id*. at 276.  At that visit, Dr. Fox reassured the plaintiff she could "continue all activity as tolerated."  *Id*. at 277.

As the plaintiff points out, *see* Statement of Errors at 1 n.1, Dr. Fox did submit an RFC opinion dated December 2004 indicating that she was essentially limited to sedentary work, *compare* Record at 302-03 (plaintiff could only occasionally lift or carry up to ten pounds and seldom lift or carry up to twenty pounds and could sit, stand and walk only occasionally (up to 2.5 hours daily)) *with* 20 C.F.R. §§ 404.1567(a), 416.967(a) ("Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools.  Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.").  However, the administrative law judge supportably declined to adopt that RFC opinion, deeming it inconsistent not only with other medical evidence of record but also with Dr. Fox's own findings as reflected in his progress notes of May 18 and July 20, 2004.  *See* Record at 19 (view of administrative law judge that "Dr. Fox's reports of May and July 2004 contain almost no unusual findings, such that the limited physical capacities assessment he gave in December 2004 is largely unsupported by his own findings or those of any other treating source.").  Inasmuch as Dr. Fox's findings on physical examination are largely cumulative of those Dr. Johnson had already seen, and the administrative law judge supportably deemed the Fox RFC opinion out of kilter not only with other medical evidence of record but also with Dr. Fox's own progress notes, the Fox records contain nothing sufficiently new and material to call into serious question Dr. Johnson's RFC opinion.  Put differently, there is nothing in the Fox records to raise a concern that, had Dr. Johnson seen them, he would have changed his impression of the plaintiff's RFC.  Dr. Johnson's

7

report accordingly stands as substantial evidence of the Step 4 RFC finding even though he did not have the benefit of the Fox materials.[6]

### B. Rejection of Treating-Physician RFC Opinion

The plaintiff next faults the administrative law judge's rejection of Dr. Fox's RFC opinion, asserting that Dr. Fox qualified as a treating source, having observed the plaintiff for at least six months as of the time he rendered his opinion and having been aware of her back-pain history, including her imaging studies and her treatment by multiple providers for at least two years prior to seeing him, and Dr. Fox's opinion hence trumps that of Dr. Johnson, a non-examining, non-treating medical source. *See* Statement of Errors at 4-5. I find no error.

The opinion in question addressed RFC – a determination reserved to the commissioner with respect to which even opinions of a treating source are accorded no "special significance[,]" *see* 20 C.F.R. §§ 404.1527(e)(1)-(3), 416.927(e)(1)-(3), and are never entitled to controlling weight, *see, e.g.*, Social Security Ruling 96-5p, reprinted in *West's Social Security Reporting Service* Rulings 1983-1991 (Supp. 2006) ("SSR 96-5p"), at 122.

While it is true, as a general proposition, that opinions of examining sources are entitled to more weight than those of non-examining sources, *see* 20 C.F.R. §§ 404.1527(d)(1), 416.927(d)(1), this is but one of several factors relevant to evaluation of a medical opinion, *see id*. §§ 404.1527(d), 416.927(d). An opinion of a treating source touching on an issue reserved to the commissioner (such as RFC) is entitled to consideration based on six enumerated factors: (i) length of the treatment relationship and frequency of examination, (ii) nature and extent of the treatment relationship, (iii) supportability – *i.e*., adequacy of explanation for the opinion, (iv) consistency with the record as

---

[6] As counsel for the commissioner pointed out at oral argument, Dr. Fox referred in his July 2004 notes to the same underlying objective medical evidence that Dr. Johnson's notes indicate he reviewed: x-ray and MRI diagnostic studies performed at Southern Maine Medical Center in June 2003. *See* Record at 159, 168-69, 276.

a whole, (v) whether the treating physician is offering an opinion on a medical issue related to his or her specialty, and (vi) other factors highlighted by the claimant or others, 20 C.F.R. §§ 404.1527(d)(2)-(6), 416.927(d)(2)-(6); *see also, e.g.*, SSR 96-5p at 124 ("In evaluating the opinions of medical sources on issues reserved to the Commissioner, the adjudicator must apply the applicable factors in 20 CFR 404.1527(d) and 416.927(d).").

Relevant regulations require only the provision of "good reasons in [the Social Security Administration's] notice of determination or decision for the weight [it] give[s] [the claimant's] treating source's opinion." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2); *see also, e.g.*, SSR 96-5p at 127 (even as to issues reserved to the commissioner, "the notice of the determination or decision must explain the consideration given to the treating source's opinion(s)"); SSR 96-8p, at 150 (an administrative law judge can reject a treating-source opinion as to RFC but "must explain why the opinion was not adopted").

Despite Dr. Fox's status as a treating specialist, the administrative law judge supportably rejected his RFC opinion on the bases that (i) it was inconsistent with other medical evidence and with Dr. Fox's own treating notes, (ii) Dr. Fox "barely qualifie[d]" as a treating source, having seen the plaintiff three times during the six-month period from May to November 2004, with the limited duration and extent of his treatment detracting from his opinions about the severity and the purported twelve-month duration of the plaintiff's asserted limitations, and (iii) the plaintiff's failure to tender updated medical evidence (including that from Dr. Fox) was inconsistent with the contention that her symptoms persisted at a debilitating level. *See* Record at 19. This analysis satisfied the requirement that the administrative law judge provide good reasons for the weight given to Dr. Fox's opinion.

## II. Conclusion

For the foregoing reasons, I recommend that the decision of the commissioner be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within ten (10) days after being served with a copy thereof.   A responsive memorandum and any request for oral argument before the district judge shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 27th day of March, 2007.

                                            /s/ David M. Cohen
                                            David M. Cohen
                                            United States Magistrate Judge